Bollinger v. United States of America My name is Tom Bingham. I represent the appellants in this matter. Actually, I represent Claire Bollinger, but I'm going to be arguing today on behalf of all the plaintiffs, all the appellants. This case involves claims against the government for an inadequate and negligent airworthiness inspection of an amateur-built aircraft by an FAA air safety investigator. The appellants contend that the inadequate and negligent inspection was a proximate cause of the subsequent a-proximate cause of the subsequent crash of the aircraft in which appellant Claire Bollinger suffered catastrophic injuries, appellant Tom Bollinger was injured, and the trial court's judgment, summary judgment of dismissal, premised on the application of the discretionary function exception to the Federal TORC Claims Act. Appellants further seek remand of the case to the district court for discovery and a determination of the government's percentage of fault for the accident under RCW 422.070. In order to prevail on their motion, the government needed to prove both prongs of the test for application of the discretionary function defense as articulated in Varig, Berkowitz, and other applicable cases. To wit, first the government had to establish the challenged actions involved an element of judgment or choice. This discretionary function discretionary act requirement is not satisfied under the Berkowitz case if a Federal statute regulation or policy specifically prescribes the course of action for an employee to follow. Well, you know, we have lots of cases, well, not lots, but a number of cases that say specifically that the FAA's certification procedures in various contexts are discretionary, right? Well, why is this inspection different from those? Your Honor, the initial case was the Varig case, and then there's subsequent progeny both in this court and in other jurisdictions, of course. Varig dealt with type certification of commercial aircraft. There's a very complex and detailed system for FAA oversight of design and production of commercial aircraft. And what they do is they delegate this authority, the FAA delegates authority to trained individuals at the manufacturer who monitor the design of aircraft, their production of aircraft, and the quality control of aircraft. And what the FAA does, and what the issue was in Varig, is they simply spot check the manufacturer because they don't have the resources to do all the engineering that is necessary for production of the commercial aircraft. The present case deals with a very different regulatory situation in certification. In fact, if you look at all the cases, sometimes they use some sloppy language in terms of the type certification and other types of certifications, but the Varig case specifically just addressed the spot check procedure. There are a number of other cases that have been brought against the government, the FAA, where they've been found liable for certifications. For instance, there's a – I don't recall the name of it right now, but it's in the brief. There was a case where a pilot was improperly certified, given a license, and after a doctor did an inadequate physical of the pilot. And there are a number of other cases where the court has – or the courts have found that the discretionary function exception didn't apply and that there was liability. Well, can you cite a case that involves an FAA aircraft certification that says that? I don't know of one. If it's not in the brief, then I can't, Your Honor. But this, again, is a – again, a different situation because this is an airworthiness certification. I'm not aware of any cases where an airworthiness certification was at issue. And the airworthiness certificate is specific to a particular – Wasn't that GATF, the type of airworthiness certification? That was a supplemental type certificate. That was a supplemental type certificate. It's basically a type of airworthiness certification. Yeah. It's a type of airworthiness certification. I mean, it's a commercial part certification, a supplemental type certificate. But why – it doesn't really matter whether it's recreational, commercial, or business craft, does it? You see, you know, here, when the Bollinger – or, you know, Bollinger made the application for certification, when you make that application, the owner himself certified that it's airworthy, right? That's correct, Your Honor. So in that sense, it's just the same. And, you know, if he feels he can't do it himself, there's plenty of people he can hire to do it for him. Just the way, you know, Boeing can hire people to do it. Right, right, which they attempted to do in this case. I go back to my original question. What's the difference legally? Legally, the difference is that there is not a spot check procedure in place for amateur-built aircraft. Is there some directive from the FAA that says they have to check every detail? Well, there's FAA Order 8132D that describes a very detailed seven-part document inspection process and seven-part aircraft inspection process that the inspector has to follow. It's mandatory. Our experts tell us that, and it was evidenced before the trial court, that that would include the checking of safeties. This is an initial certification. That's correct. That's correct. So what would be the difference between that and the initial commercial certification? Well, in the commercial context, that's delegated, the airworthiness certifications are delegated to the manufacturers. It doesn't really matter because the question is, they really assume the role of FAA employees in that context. Right. So it doesn't really matter whether they're employed by Boeing or Airbus or whomever. So I guess I'm having some trouble. I mean, it seems that I'm sympathetic to the design of this aircraft. Obviously, at least according to these records, it has some defects. But that would seem to go against the manufacturer rather than the FAA. Well, unfortunately, in these cases, the manufacturers are usually fly-by-night. So obviously yes. That's why I say I'm sympathetic to the situation. But I am a little like Judge Tashima, I'm a little hard-pressed to really distinguish this case in terms of principles from a GATX air log. Well, again, in this case, there's a specific procedure for airworthiness certification that has to be followed by the airworthiness inspector or the DAR, the Designated Airworthiness Representative. And in the regulatory scheme, at least the FAA considers DARs to be the primary persons that certificate these aircraft. In other words, they get the authority from the FAA and they're privately designated. And they do a very thorough job, including the checking of safety and all other matters. Does the FAA or any other regulation require that your clients have insurance? I don't believe so. Yeah, I don't believe so, nor does it require the parts manufacturers to have insurance. But in this context, there's this policy to delegate the responsibility to the DAR. So the argument is made in regard to resources and allocation of resources. In that respect, there is a procedure in place. The air safety inspector for the FAA has the authority to say, I won't do the inspection, go see a DAR if he doesn't have the time to do it. Once he undertakes it, he has to follow the procedures as set forth in the FAA order. And in the circular that is sent to, that's been produced by the FAA and is sent to amateur builders, they say right in the circular that the initial airworthiness inspection is an inspection to assure that the aircraft is safe to fly. And in this case, it obviously was not. And our contention is that that's something that should have been picked up by the air safety inspector, the FAA inspector, or he should have delegated that to a DAR. And if the DAR had missed this, there's no question that they'd be responsible. Does the regulation say anything more than there must be an inspection? Does it specify anything about what will be done during the inspection? It does, Your Honor. And that's, let me give you the site, too. Well, just tell me generally what it says should be done and what either wasn't done or was done. Well, the key language in there, they list six parts in the visual inspection. The inspection ports are all supposed to be open. The engine in plain view. And the specific section that applies is Part 4 under 8132D, Section B. And that states the flight control, to determine that the flight control system, engines, propellers, pitot-static, and associated instruments operate properly. According to our experts, one is a DAR, the other is a professor of aviation mechanics. This would have been obvious to any inspector that looked at it. It's an unusual design. It's not an aviation quality design. And it should have been, it would have been obvious to any inspector. They both say they would have picked it up right away because it wasn't safe. So your argument, then, is that there's no policy involved or no decision to be made by the inspector. That's correct. But the inspector failed to follow the rule. That's correct. Give me the specific rule that he failed to follow. What's the citation? Well, the specific provision that he did not follow was this Part 4. You're talking about 8132D, where it says aircraft inspection, and then they list seven things you're supposed to do. Correct. Yeah, there's a seven-part records inspection. Number 4 says you're supposed to make the flight control system, engine, propellers, you're supposed to make sure they operate properly. Correct. And are you alleging that he either didn't look at that part or that if he did he was negligent in doing it? We don't know specifically what he looked at because we have been unable to do any discovery in the post inspector, and there's no declaration or affidavit from the inspector. He did look at the engine. It was in plain sight. Attached to Mr. Bollinger's declaration are pictures of the engine prior to the time that it received its type certification that show the purge valve, which is the part that we're talking about right on top of the engine. He did look at the engine. He did perform a two-hour inspection according to Mr. Bollinger. When I say he, I'm referring to the aviation inspector. You said he did perform the inspection, but he did it negligently? Correct. Either did it negligently or failed to look at this part, even though he's required by the procedures to review the part, that he's required by the order that governs the airworthiness inspection. I think I've gone well over my time. If you have any more questions, thank you. Good morning, Your Honors. My name is Barbara O'Malley. I represent the United States in this litigation. Let me just say briefly, as in our brief, we rely upon VERIG, which is broadly interpreted under the law of this circuit to cover implementation, not just the spot check, not just the design that was adopted by the FAA, but the Supreme Court in VERIG held that both the FAA's choice of a system for reviewing aircraft for compliance with safety standards and the implementation of that system involves social, economic, and political policy judgments. Well, let's assume that you have a system that you're supposed to do A, B, C, D, E, F, and the inspector does A, B, C, and stops. What policy judgments is that possibly involved? That's not the situation here. I agree with you, Your Honor. If there is a specific requirement that the government employee must follow, that destroys the first prong of the discretionary function exception. He has no choice but to follow, and because the policy has been adopted and made mandatory by his agency, it could not possibly be said to be implementing the policy of the FAA or the agency. And the second question would be if he does it, but does it negligently? I'm sorry? If he does do A, B, C, D all the way through, but does it negligently? He is also, the government is also protected from liability there because, of course. And is that not what the plaintiff was alluding here? That's what happened here. In our view of the order, we interpret, start with the, starting with the complaint filed in this case and the declaration filed by Tom Bollinger, who was there when the inspector looked at the aircraft, it unequivocally says he did the first part of the required inspection. That's, he looked at all of the records to see if they were, if they met the requirements of the regulations. And then he looked at, according to the complaint and the declaration, the engine and the purge valve, which is part of the fuel injection system. They say he looked at it. The only requirement is a visual requirement. It is then left to the discretion of the FAA safety investigator to go farther than that. If for some reason, based upon his knowledge or he's concerned,  and we get back to the statute and the regulations, he's got at least three competing factors, goals to balance. The safety mandate, he has to, and in addition, he has to consider encouraging the development of civil aviation, and he has to do all that in the face of restraint. In this case. Fiscal restraint, yes. But in this case, are you saying there were specific steps that the inspector had to go through? One, two, three, and four? There is a seven checklist, item checklist. Which is what Mr. Mingus did now. And there's nothing in that seven, sorry, that's those seven items that requires him, or the inspector in this case, to examine the purge valve. No, but if he has to go through seven steps, and is there either one step that he didn't go through? First of all, is there one step he didn't go through? No. The answer is no, based upon the complaint and the declaration file. So the complaint is, in going through one of the steps, he performed his job negligently.  Is that the complaint? That's correct. Now, and your position is that in performing that step, it was a discretionary function? Yes, because under the law of this circuit. Well, why was it discretionary if it's mandatory? There's a test for mandatory, and it requires a specific requirement that the individual. When you say specific, you mean detailed? Well, just maybe some words saying, in the checklist, look at the purge valve. And see if there's a wire through the screw or something like that. I don't know that it has to be that specific, but if you look at the checklist, you'll see, I think, item four talks about looking at the engine to determine if it's operable in operating condition. And then, of course, it's left to the discretion of the inspector to determine what conduct or what to do to make that determination. And that's the other problem under the law. If the complaint is, as I understood counsel, that if you had looked at it, you would have seen this. Well, I can tell you this. You know, this is a motion to dismiss. Yes. The allegation is that this wire was not in place. The purge valve was there. I mean, you could see the stop screw. It was there. You mean the part for your inspection? Yes. That's exactly right. If that is true, that the stop screw was there, that's what the inspector would have seen. If you, after the accident, of course, the stop screw was gone and you could look into the hole. This hole is very small. It's something like a quarter of an inch to three-eighths at the most. When this inspector has been told, remember, again, this is visual, he sees the stop screw under the allegations of the complaint. Whether they say he should have seen that the wire wasn't there. The wire is underneath the stop screw, as I understand it. Now, that gets more into the negligence aspect, I believe, of this case, which is not before the court. All that is before the court are the usual issues, the usual tests, the familiar tests of the Supreme Court. So what you're saying is under this certification procedure, although the order says, well, you know, you have to lift up the cowling and look at the engine, that the extent to which the inspector makes a visual inspection or whether he might even go further, that's up to his judgment. Yes, that is left to his. As to how detailed he thinks the inspection should be. Is that what you're saying? That is right, Your Honor. And that's important because the agency's program requires the inspection made by the applicant, by the builder of this, to look at. They've got three pages of carefully itemized different things to look at and, you know, be sure about. And that's what the FAA inspector relies upon, exactly as in Verick, that that's where the principal responsibility for complying with the FAA safety requirements, that's where the FAA has placed it and put it. So as far as these home-built aircrafts are concerned, then, the inspector's job, what it comes down to is to try to make sure that the owner did what he was supposed to do in building the aircraft. That's right, Your Honor. And in your view, that's discretionary because it's up to each inspector to figure out how detailed that inspection should be. Yes. Although the order says you have to look at the engine. Visually, visual. Well, isn't the issue here, I thought counsel said that if you had looked at it, you would know that there was something wrong. No. Am I misunderstanding? I think counsel may have misspoken. In the complaint in Tom Bollinger's declaration, they say that Mr. Vitito, the inspector, looked at the engine and the purge valve was visible. And he should have detected that the wire was missing, and that's why I tried to explain why it would not have been so, the wire part would not have been so visual. This is the wire that goes through the screw, right? Yes. The Tom Bollinger's declaration says that Vitito spent approximately two hours reviewing documents and physically examining the plane. Mr. Vitito inspected the engine compartment, and Mr. Vitito specifically looked at the purge valve. That's in the complaint. And then in the declaration, the purge valve was inspected during the inspection. Okay. But the inspector failed to detect that the stop screw was not lock-wired. I haven't quoted these exactly. I'm sorry, I don't have it in my head, but I know look at the complaint and the declaration. It doesn't have anything to do with a discretionary function. If he did it, there's no doubt. I mean, you're not saying that there's some function he didn't, or something he didn't do that was discretionary. You're just saying he did it, and he did it negligently. I think what he's saying is that he looked at the purge valve, but he was negligent in not spotting the defect. Okay. Which doesn't really have anything to do with a discretionary function. That doesn't have anything to do with discretionary function. So how do you justify the dismissal of this if the issue is whether he was negligent or not? Well, the district court judge was correct in dismissing this, because he had before him declarations filed by the plaintiff, and he also had a declaration filed by the government explaining how this system works, backed up by the actual only order that provides guidance to the inspector and how to accomplish, how to do his inspection. Why isn't this a question for summary judgments rather than dismissal? As I understand the law, this motion to dismiss, supported as it was, does not have to be converted to a motion for summary judgment, because the attack is upon the jurisdiction of the court, and the district court judge has the authority to resolve, the right to resolve that jurisdictional issue. The negligence is not an issue at this stage. Is that correct? It is not. It's just often the government may or may not be negligent. The question is, can you sue them for it? Can you sue them in tort? And, of course, we say you can't because there's an express exception. In other words, even though you're not admitting it, your position could almost assume the truth of the allegation that the inspector was negligent, right? That is correct. Because to your position, it doesn't make any difference. Because it's irrelevant to the discretionary function jurisdictional issue. Yes, Your Honor. I'm having trouble understanding what the discretionary function has to do with this case at all. And I thought you said it really isn't a question of discretionary function, because he performed all the functions, and everybody agrees he performed the functions. And the only question is whether it was negligent. So now you're saying it is a non-jurisdiction discretionary function exception. I'm simply saying that the district court was correct in dismissing it for lack of jurisdiction by reason of the discretionary function exception. I think the plaintiff is incorrect in arguing that the exception does not apply, but the plaintiff is essentially arguing it wasn't enough for them to inspect the purge valve. They had to do more. And the discretionary function applies because that is all that the agency expects of its safety inspectors when they examine, you know, for airworthiness. I wanted to add that in very, you know, the airworthiness. I think we've gone over by about 50%. I'm sorry? I think we've gone over by about half the amount of your time. I have done that? No, we did it to you. I'm sorry. It's okay. So thank you. Time always goes quickly up here. Yes, when you're having fun. Absolutely. Thank you, Your Honors. Thank you. Do you have anything you want to add in one minute? You don't have to. I think you've covered all the points that you wanted to cover in your court statements. Thank you. The case is arguably submitted. The next case is the Levy case.
judges: Reinhardt, Tashima, McKeown